GAJARSA, Circuit Judge,
dissenting.
I respectfully dissent from the majority opinion. My principal disagreement with the majority is that the terms in Heading 3825 are ambiguous. See Majority Op. at 12-13. This is a typical enigmatic classification case. The product at issue here, DOD, can be classified as a residual product under Heading 3825 only if it is “not elsewhere specified or included.” In this case, the majority and ADM note that DOD is classifiable as a chemical product under Heading 3824, but both also contend that DOD is clearly a residual product. That causes a conundrum. If DOD is a chemical product that can be classified under Heading 3824, it is not a residual product that is “not otherwise specified or included” and should not be classified under Heading 3825. Unfortunately, it is not so simplistic because Heading 3824 also contains the language of a basket provision such that DOD is classifiable under Heading 3824 only if it is a chemical product that is “not elsewhere specified or included.”
As noted in the majority opinion, the chemical product and residual product categories relevant here were previously both included under Heading 3824. Heading 3824 was then amended to remove the residual product category and place it under Heading 3825. We must presume that the amendment intended to remove certain types of products from Heading 3824 and place them under Heading 3825, but it is unclear what products were intended to be removed. The question then posed is, what exactly is a residual product that cannot be classified as a chemical product?
Because of this ambiguity, it is proper and helpful to consult the Explanatory Notes (“ENs”) accompanying Headings 3824 and 3825 to interpret those provisions — particularly in light of the uncertainty caused by the overlap in coverage between Headings 3824 and 3825, the unclear purpose of the amendment, and the fact that the ENs do not contradict the language of the headings. See Degussa Corp. v. United States, 508 F.3d 1044, 1047 (Fed.Cir.2007) (explaining that the ENs “are not legally binding but may be consulted for guidance and are generally indicative of the proper interpretation of a tariff provision”); Airflow Tech., Inc. v. United States, 524 F.3d 1287, 1293 (Fed.Cir.2008) (explaining that ENs that contradict unambiguous language of the tariff provision will be accorded no weight).
In this ease, the ENs are particularly helpful in resolving the ambiguity. The EN for Heading 3825 lists five items that are “residual products of the chemical or allied industries, not elsewhere specified or included”: alkaline iron oxide, residues from the manufacture of antibiotics, am-moniacal gas liquors, spent oxide, and residues from the processing of power plant combustion off-gases. In contrast, the relevant EN for the chemical products category under Heading 3824 lists broad categories of merchandise — not specific products. Although I disagree with the Court of International Trade’s determination that the residual products category of Heading 3825 is limited to only those products listed in the EN, I note that ADM failed to establish that DOD is anything like the products listed in that EN. In contrast, the EN accompanying Heading 3824 makes clear that Heading 3824 includes DOD. First, the EN clarifies that byproducts, such as DOD, are included in *1319 that heading. Second, the EN makes clear that Heading 3824 was intended to cover many products because it lists broad categories of products and includes “[chemical] products whose composition is not chemically defined,” such as DOD.
It was ADM’s burden to establish that DOD is classifiable under Heading 3825, and for the reasons stated above, I believe ADM failed to meet its burden. In addition, both Customs and the Court of International Trade carefully considered this issue and wrote well-reasoned opinions explaining why DOD is not classifiable under Heading 3825, and I would give Skidmore deference to the portions of those opinions that comport with the analysis articulated above. Thus, I would affirm the decision of the Court of International Trade.